20021.00242.082/26/1775982.v1
**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID#  45723
620 Freedom Business Center, Suite 300
King of Prussia, PA   19406
(610) 354-8282

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. MURPHY | : Civil Action No:  11-04743 |
| | : |
| v. | : |
| | : |
| RADNOR TOWNSHIP | : |

### DEFENDANT, RADNOR TOWNSHIP'S ANSWERS WITH AFFIRMATIVE DEFENSES

1. It is admitted only that Plaintiff has brought a claim alleging violations of the statutes cited.

2. Admitted.

3. Denied that any alleged violations occurred, but it is admitted that Radnor Township is in the Eastern District of Pennsylvania.

4. Admitted.

5. The averments of paragraph 5 are legal conclusions to which no response is required. It is acknowledged that Plaintiff's military background is outlined on his Resume.

6. Admitted.

7. Radnor Township is a political sub-division of the Commonwealth of Pennsylvania.

8. No response required.

9. Defendant has no reason to doubt or question the allegations of averment 9.

10. Responding Defendant has no reason to doubt or question the averments of paragraph 10.

11. Responding Defendant has no reason to doubt or deny the averments of paragraph 11.

12. Denied in that paragraph 12 fails to specify the individuals who are alleged to be authorized agents and/or employees, all agency is denied and strict proof thereof is demanded at the time of trial.

13. Admitted.

14. Denied as stated. There were a total of 76 initial candidates.

15. Admitted.

16. It is admitted that a number of applicants were interviewed including the Plaintiff. It should be noted that The Local Government Management Services reviewed all of the resumes and broke them down into categories. The top six were designated as most experienced and judged most capable. Plaintiff was not in that top six.

17. Admitted that Plaintiff was contacted for an interview.

18. Denied as stated. Plaintiff was in the second tier of candidates judged "very good candidates judged capable," before the interview process. The remaining averments of paragraph 18, if it intends to imply that he was the top choice, are denied.

19. Admitted.

20. Denied as stated. The Township Commissioners were the decision makers.

21. Admitted.

22. Denied. To the contrary, Plaintiff was not "grilled" by Mr. Masterson regarding his military commitments.

23. Denied as stated.

24. Admitted.

25. Admitted in part, denied in part. It is admitted that Mr. Granger did advise Plaintiff that he would not be called in for a second interview.

26. Admitted that Mr. Granger informed Plaintiff that only a limited number of candidates made it through to the second interview.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted although that played no part in the decision.

31. Denied as stated. Based on the interview the plaintiff was not deemed qualified to the point where he would be brought back for a second interview.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## Count I

37. Responding Defendant incorporates herein by reference its answers to paragraphs 1 through 36 of the Plaintiff's Complaint as if same were fully set forth herein at length.

38. Denied.

39. Denied.

## Count II

40. Responding Defendant incorporates herein by reference its answers to paragraphs 1 through 39 of the Plaintiff's Complaint as if same were fully set forth herein at length.

41. Denied.

42. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action against Radnor Township.

2. Plaintiff's Complaint fails to state a cause of action for punitive damages.

3. It is asserted that under both federal and state law, punitive and/or liquidated damages are not recoverable against a political entity.

4. At no time did Radnor Township discriminate against Plaintiff regarding his military background or commitments.

5. All decisions made by the Board of Commissioners of Radnor Township were reasonable, based on what was best for the municipality and in no way in violation of the Uniformed Services Employment and Reemployment Act or the Pennsylvania Military Affairs Act.

6. To the extent that it is judicially determined that there is no common law action under either the Uniformed Services Employment and Reemployment Act or the Pennsylvania Military Affairs Act, Defendant claims same.

WHEREFORE, Defendant, Radnor Township, demands that Plaintiff's Complaint be dismissed.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

s/JS1015
JOSEPH J. SANTARONE, JR., ESQUIRE
Attorney for Defendant
620 Freedom Business Center, Suite 300
King of Prussia, PA   19406
610-354-8282  (Phone)
610-354-8299  (Fax)
jjsantarone@mdwcg.com
PA45723

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**BY:** Joseph J. Santarone, Jr., Esquire
ID# 45723
620 Freedom Business Center, Suite 300
King of Prussia, PA  19406
(610) 354-8282

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. MURPHY | : Civil Action No:  11-04743 |
| | : |
| v. | : |
| | : |
| RADNOR TOWNSHIP | |

**CERTIFICATE OF SERVICE**

I, Joseph J. Santarone, Jr., Esquire, do hereby certify that a true and correct copy of Defendant, Radnor Township's Answer with Affirmative Defenses to Plaintiff's Complaint was electronically filed with the Court on  September 15, 2011  and is available for viewing and downloading from the ECF System.

                                      MARSHALL, DENNEHEY, WARNER,
                                      COLEMAN & GOGGIN


 s/JS1015
JOSEPH J. SANTARONE, JR., ESQUIRE
Attorney for Defendant
620 Freedom Business Center, Suite 300
King of Prussia, PA  19406
610-354-8282  (Phone)
610-354-8299  (Fax)
jsantarone@mdwcg.com
PA45723

DATE: September 15, 2011