IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. MURPHY,<br>    Plaintiff | :<br>:<br>:<br>:<br>: |
| v. | : USDC NO. : 11-4743<br>: |
| RADNOR TOWNSHIP,<br>    Defendant | : (Filed Electronically)<br>:<br>: <u>**Jury Trial Demanded**</u> |

## THE PARTIES' AGREED UPON JURY INSTRUCTIONS AND JURY INTERROGATORIES

The Plaintiff and Defendant, by and through their respective counsel hereby submit the following agreed upon jury instructions, which are attached:

1. Defendant's proposed jury instructions 2, 4, 10, and 13.
2. Plaintiff's proposed jury instructions 3 and 7.

The parties were unable to agree upon any jury interrogatories.

The parties will submit their objections and alternatives to the adverse party's proposed instructions and interrogatories pursuant to the deadline imposed by this Court.

RESPECTFULLY SUBMITTED:

Borland & Borland, L.L.P.

/s/David P. Tomaszewski
David P. Tomaszewski, Esq
69 Public Square, 11th Floor
Wilkes-Barre, PA  18701
Attorney ID #47011
(570) 822-3311
(570) 822-9894 (Fax)
dtomaszewski@borlandandborland.com
Attorney for the Plaintiff

/s/Joseph J. Santarone
Joseph J. Santarone, Esquire
2000 Market Street
Suite 2300
Philadelphia, PA 19103
(215) 575-2626
(215) 575-0856
jjsantarone@mdwcg.com
Attorney for Defendant

## 1.7 CREDIBILITY OF WITNESSES

In deciding what the facts are you have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility means whether a witness is worthy of belief. You may believe everything a witness says or part of it or none of it. In deciding what to believe, you may consider a number of factors including the following:

(1). The opportunity and the ability of the witness to see or hear or know things the witness testifies to;

(2). The quality of the witnesses understanding and memory;

(3). The witnesses manner while testifying;

(4). Whether the witness has an interest in the outcome of the case or any motive bias or prejudice;

(5). Whether the witness is contradicted by anything the witness said or wrote before the trial or by other evidence;

(6). How reasonable the witnesses testimony is when considered in light of other evidence that you believe; and

(7). Any other factors that bear on believability.

Plaintiff here is alleging a violation of the Statute which states:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform or has an obligation to perform service in the uniformed service shall not be denied initial employment, re-employment, retention employment, promotion or any benefit of employment by an employer on the basis of that membership application for membership, performance of service, application for service or obligation.

In assessing damages you must not consider attorney's fees or the cost of litigating this case. Attorney's fees and costs, if relevant, are for the court and not the jury to determine. Therefore, attorney's fees and costs should play no part in your calculation of any damages.

5.44 <u>MODIFIED FRONT PAY</u>

You may determine separately a monetary amount equal to the present value of any future wages and benefits that the Plaintiff would have reasonably earned from the time Radnor did not hire Plaintiff for a period of time from the date of your verdict through a reasonable period of time in the future.  From this figure, you must subtract the amount of earnings and benefits the Plaintiff will receive from other employment during that time.  Plaintiff has the burden of proving these damages by a preponderance of the evidence.

If you find that Plaintiff is entitled to recover future earnings from Radnor Township then you must reduce any award by the amount of the expenses that Plaintiff would have incurred in making those earnings.

You must also reduce any award to its present value by considering the interest that Plaintiff could earn on the amount of the award if he made a relatively risk free investment.  You must make this reduction because an award of an amount representing future losses is more valuable to Plaintiff if he receives it today or if he were to receive it sometime in the future after it would have been earned.  It is more valuable because Plaintiff can earn interest on it from the period of time between the date of the award and the date that he would have earned the money, so you should decrease the amount of any award for the loss of future earnings by amount of interest that Plaintiff can earn on that amount in the future.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO.3

### Pretext

As I have explained, Mr. Murphy has the burden to prove that his obligation for service was a motivating factor in Radnor Township's decision <u>to deny him the position of Township Manager.</u> I have explained to you that evidence can be direct or circumstantial. To decide whether Mr. Murphy's obligation for service was a motivating factor in Radnor Township's decision <u>to deny him the position of Township Manager</u>, you may consider the circumstances of Radnor Township's decision. For example, you may consider whether you believe the reasons that Radnor Township gave for the decision. If you do not believe the reasons that it gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true discriminatory reasons for the decision.

*Pattern Civil Jury Instruction, 11th Cir. 4.18 (2013) as modified*

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO.7

Willful Violation

If you find in Mr. Murphy's favor and award him compensatory damages, you must decide whether Radnor Township willfully violated the law. If Radnor Township knew that its employment decision violated the law, or acted in reckless disregard of that fact, then its conduct was willful. If Radnor Township did not know, or knew only that the law was potentially applicable and did not act in reckless disregard as to whether its conduct was prohibited by the law, then Radnor Township's conduct was not willful.

*Pattern Civil Jury Instruction, 11th Cir. 4.18 (2013) as modified.*